1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| JOHN R. DEMOS, JR.,<br><br>                    Plaintiff,<br><br>        v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS,<br><br>                    Defendant. | | CASE NO. 2:22-cv-00723-JHC-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: June 24, 2022 |

This matter is before the Court on referral from the district court and on plaintiff's motion to proceed *in forma pauperis* ("IFP"). Dkt. 1.

Plaintiff, a bar-order litigant, presents to this Court a "motion to intervene or in the alternative a motion for joinder/inclusion." Dkt. 1-1. He names the Washington State Department of Corrections as a defendant and seeks to intervene in a "class action lawsuit against the Washington State Dept. of Corrections alleging 'negligence' in the handling/management of the COVID-19 virus . . . ." *Id.* at 1–2. Plaintiff does not appear to have filed a prison trust account

REPORT AND RECOMMENDATION - 1

1  statement for this Court to determine whether plaintiff may proceed IFP. However, plaintiff's
2  action is nevertheless subject to dismissal for the following reasons.
3       As a bar order litigant, plaintiff may submit only three IFP applications and proposed
4  actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992);
5  *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). It
6  is unclear whether plaintiff is attempting to circumvent his bar order by seeking to intervene in
7  an ongoing matter or whether he is filing a new complaint. Notably, the caption of the document
8  plaintiff presents to the Court lists himself as the sole plaintiff and does not list the cause number
9  of the alleged class action he seeks to intervene.
10      Because the filing is clearly deficient as a motion to intervene, *see* Federal Rule of Civil
11 Procedure 24, the Court construes it as a complaint. When so construed, plaintiff is precluded
12 from proceeding because he has reached his filing limit for the year. *See, e.g.*, *Demos v. Wash.*
13 *State Dep't of Corr.,* 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et*
14 *al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC
15 (W.D. Wash. 2022).
16      Further, pursuant to 28 U.S.C. § 1915A(b)(1), the Court is required to dismiss a
17 complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be
18 granted." Even if he was not subject to the yearly limit, plaintiff's complaint must be dismissed
19 because he fails to state a claim. Plaintiff alleges that he should be added to an unspecified class
20 action against defendant because there is a COVID-19 outbreak in the prison and plaintiff has
21 contracted COVID-19 twice. *See* Dkt. 1-1 at 3–4. The Court cannot grant plaintiff the relief he
22 seeks. Therefore, the Court recommends that plaintiff's action be dismissed without prejudice
23 and that his motion to proceed IFP (Dkt. 1) be denied.
24

1  Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
3 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
4 review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those
5 objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*
6 *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

7  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the
8 matter for consideration on **June 24, 2022** as noted in the caption.

9  Dated this 8th day of June, 2022.

J. Richard Creatura
Chief United States Magistrate Judge